JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-1350 PA (RZx) | Date | June 7, 2010 |
|---|---|---|---|
| Title | Chris Pelonis, et al. v. American General Life Insurance Company, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - NOTICE OF REMOVAL

Before the Court is a Notice of Removal filed by defendant American General Life Insurance Company ("Defendant") on February 23, 2010. Defendant asserts that federal jurisdiction exists on the basis of a diversity of citizenship. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The "burden of establishing federal subject matter jurisdiction is on the party seeking removal." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

An action may be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is 'strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand.'" Hofler v. Aetna US Healthcare of Cal., Inc., 296 F.3d 764, 767 (9th Cir. 2002) (quoting Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). Accordingly, in attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

This is the second time that Defendant has filed a Notice of Removal for the same complaint. Defendant's first Notice of Removal was filed on December 22, 2009, and was assigned case number CV 09–9381 PA (RZx). The Court remanded that case sua sponte on January 8, 2010, because neither the complaint nor the Notice of Removal provided adequate support for Defendant's contention that William Tuft, who was also a named defendant in the action, was a citizen of Illinois. On February 23, 2010, Defendant filed the current Notice of Removal in an apparent attempt to cure the defect in the first Notice of Removal by providing evidence of Tuft's Illinois citizenship. The most recently filed Notice

**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1350 PA (RZx) | Date | June 7, 2010 |
|---|---|---|---|
| Title | Chris Pelonis, et al. v. American General Life Insurance Company, et al. | | |

of Removal also notes that Defendant recently discovered that Tuft passed away in 2007, before the commencement of Plaintiffs' action in state court.

A second removal is permissible when made on new grounds arising from subsequent pleadings or events. See Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 776 (9th Cir. 1989); One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd., 889 F. Supp. 60, 62–63 (D. Conn. 1995) ("A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal.") (emphasis added). A party cannot remove a case twice based on the same grounds. See Seedman v. U.S. Dist. Court for Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988) ("a second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction"). Indeed, a second attempt at removal is justified only when there has been a "substantial change in the nature of the instant case since it was last in this court." One Sylvan, 889 F. Supp. at 64.

Here, there has been no change in the nature of the case, and there have not been any subsequent pleadings or papers which might provide a basis for a second removal. The only new facts alleged in the current Notice of Removal are: (1) defendant Tuft has been deceased since 2007; and (2) defendant Tuft was a citizen of Illinois for over 40 years, until his death. Not only could these facts have been ascertained by Defendant before filing the initial Notice of Removal, but they do not reveal either a different ground for removal or a substantial change in the nature of the case since it was last in this Court. As such, Defendant has impermissibly attempted to remove this action twice on the same grounds. Such successive removals are improper. Accordingly, the Court remands this action to Norwalk Superior Court, Case No. VC054979. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.